ANDERSON *v.* STATE.

Feb. 25, 1952.

No. 38181 (57 So. (2d) 169)

**Gore & Gore,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

### Arrington, J.

The appellant, Sam Anderson, was indicted for the murder of Sylvester Washington in the Circuit Court of Quitman County, Mississippi. He was tried and convicted of the crime of manslaughter and sentenced to the penitentiary for a period of one year, from which judgment he appeals.

The facts in this case, briefly stated, are as follows: On Sunday, May 15, 1949, a number of people, including the deceased and the appellant, were gambling in the home of the appellant, playing a game called "Georgia Skin"; that the deceased, Sylvester Washington, had a bet with the appellant and lost; that the deceased took the money and refused to pay the bet. The appellant got a pistol out of the chifforobe and demanded his money from the deceased; that the deceased grabbed appellant and in the ensuing scuffle, the deceased was shot twice, which wounds resulted in his death. All of the witnesses, including the appellant, testified that the deceased was not armed. The appellant, testifying in his own behalf, testified that he got the pistol out of the chifforobe and said to deceased "give me my money". Mr. Lee Turner, Deputy Sheriff of Quitman County, who investigated the shooting, testified that the appellant made a free and voluntary statement to him ·that the deceased owed him $9 and wouldn't pay him and that he shot him twice. Mr. Willie Stanford, also a Deputy Sheriff of Quitman County, testified to the same effect. The appellant's defense

was that he had no intent to kill the deceased and that the pistol was accidentally discharged in the scuffle.

The appellant argues that the court erred in granting the State the following instruction, which was the only instruction obtained by the State: "The Court instructs the jury for the State that if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Sam Anderson, did wilfully and unlawfully procure the pistol for the purpose of threatening the deceased, Sylvester Washington, and that the defendant, without malice killed the deceased while engaged in said unlawful act and while not in necessary self-defense, real or apparent, it shall be your duty to find the defendant guilty of manslaughter, and the form of your verdict may be: 'We, the jury, find the defendant guilty of manslaughter.' "

▐▐ Under the facts in this case, we are of the opinion that this instruction was proper and that it is a correct announcement of the law. The appellant also argues that the court erred in refusing the following instruction requested by the appellant: "The Court instructs the jury for the defendant that if you believe from the evidence in this case that Sam Anderson had reasonable ground to apprehend that the deceased had returned to the home of defendant armed with a pistol, then when the argument ensued during the gambling game, the defendant had a right to order the deceased out of his house and to get his gun as a precaution for his own safety; and that if the deceased then attacked the defendant in an effort to take his gun from him and in the ensuing scuffle was shot through no intent on the defendant's part, or if you have a reasonable doubt in this regard, the defendant is not guilty, and you will so find."

▐▐ The refusal of this instruction was proper as it is not applicable to the evidence in this case. In addition to other instructions granted appellant, he obtained two instructions which presented his defense to the jury, that is, that if they believed the pistol was accidentally discharged in the scuffle that they should return a verdict of

not guilty. The jury was also instructed that they could not find the appellant guilty of murder. We are of the opinion that the case was fairly submitted to the jury on proper instructions and that there was ample evidence to support the verdict.

Counsel for appellant states in his brief that the appellant was sentenced to serve a period of one year in the county jail. ██ ██ However, the record shows that he was sentenced to serve one year in the State penitentiary. Under Sec. 2233, Code of 1942, this would be an improper sentence and in accordance with this section, the case will have to be remanded for proper sentence.

Affirmed on the Merits and Remanded for Proper Sentence.

**McGehee, C. J.,** and **Alexander, Kyle** and **Holmes, JJ.,** concur.